# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **CYNTHIA GOGLIOTTI**, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 14 C 1027 |
| **OCWEN LOAN SERVICING, LLC**, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM ORDER

Ocwen Loan Servicing, LLC ("Ocwen") has moved to dismiss the Complaint brought against it by Cynthia Gogliotti ("Gogliotti"), who charges that Ocwen violated the Real Estate Settlement Procedures Act ("RESPA")[1] during the time frame that it was servicing Gogliotti's residential mortgage loan. According to Gogliotti's Complaint, Ocwen violated its obligations in the handling of real estate tax payments on a continuing basis despite repeated notifications from Gogliotti. Although Gogliotti's Complaint Count II, which purports to sound in the Illinois Consumer Fraud Act, is problematic, the federal claims clearly survive Ocwen's motion.[2]

In brief, mortgage loan servicer Ocwen required Gogliotti to maintain an escrow account for the payment of real estate taxes (Complaint ¶ 10) -- a standard provision in mortgage transactions. Unfortunately Gogliotti's residence had three parcel numbers attached to it on the real estate tax rolls (Complaint ¶ 11), and Ocwen's use of the escrowed funds to pay the taxes on fewer than all of those parcel numbers resulted in tax delinquencies and tax sales (Complaint ¶¶ 13-14).

---

[1] Although RESPA occupies 12 U.S.C. §§ 2601 through 2617, only 12 U.S.C. § 2605 (cited simply "Section 2605") is implicated here.

[2] As will be seen, this Court views the issues posed by the parties' competing submissions as more straightforward, and as requiring a great deal less space for analysis, than the treatment submitted by their counsel.

RESPA allegedly came into play when Gogliotti communicated with Ocwen no fewer than seven times about that problem (Complaint ¶ 15 and Exs. E-K), yet Ocwen completely failed to correct the problem that had repeatedly been brought to its attention. But as Ocwen would have it, Gogliotti has failed to state a viable claim because her communications did not come under the "qualified written request" rubric as defined in Section 2605(e)(1)(B):

> For purposes of this subsection, a qualified written request shall be a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, that --
>
> (i) includes, or otherwise enables the servicer to identify, the name and account of the borrower; and
>
> (ii) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provide sufficient detail to the servicer regarding other information sought by the borrower.

Ironically Ocwen has sought to call to its aid, in response to Complaint Count III (a count that asserts a breach of its fiduciary obligations), our Court of Appeals' opinion in Catalan v. GMAC Mtge. Corp., 629 F. 3d 676 (7th Cir. 2011), yet it has blithely ignored the expansive literal reading of the "qualified written request" definition set out in that case. Although Catalan's extended treatment of the subject beginning at 629 F. 3d 685 is worth reading in its entirety, at least the following portion (id. at 687) bears repetition here:

> RESPA does not require any magic language before a servicer must construe a written communication from a borrower as a qualified written request and respond accordingly. The language of the provision is broad and clear. To be a qualified written request, a written correspondence must reasonably identify the borrower and account and must "include a statement of the reasons for the belief of the borrower, *to the extent applicable,* that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower." 12 U.S.C. § 2605(e)(1)(B) (emphasis added). Any reasonably stated written request for account information can be a qualified written request. To the extent that a borrower is able to provide reasons for a belief that the account is in error, the borrower should provide them, but any request for information made

with sufficient detail is enough under RESPA to be a qualified written request and thus to trigger the servicer's obligations to respond.

Simply put, Ocwen repeatedly dropped the ball and should be held to account under the allegations of the Complaint, which must of course be credited here. Its effort to wriggle out of its obligations by attempting to bring nonstatutory requirements to bear does not withstand scrutiny. Count I remains in the case and must be answered.

As to Complaint Count II, it rewraps in a state law package the identical "claim for relief" (the operative concept in federal pleading) as to which Complaint Count I confers federal subject matter jurisdiction -- still another instance of substituting instead the "cause of action" concept that governs state court litigation (on that score, see the analysis so well exemplified by Judge Easterbrook's opinion for the panel in <u>NAACP v. Am. Family Mut. Ins. Co.</u>, 978 F. 2d 287, 292 (7th Cir. 1992)). Although the same principle has been announced and applied in many other cases, for this Court <u>NAACP</u> is their best articulation and ought to be made mandatory reading for all federal practitioners. To be sure, some caselaw might extend the scope of the Illinois Consumer Fraud and Deceptive Practices Act to encompass activity of the general character ascribed to Ocwen here, but in this Court's view that would be a stretch and is really unnecessary to the consideration of the case as a totality. Accordingly, though perhaps a close call, this Court grants the motion to dismiss Count II.

Finally, as for Gogliotti's Count III invocation of a claimed fiduciary breach stemming from Ocwen's continued mishandling of the problem so repeatedly brought to its attention, Ocwen is wrong once again. It prefers to forget that unlike other funds that come to it in the course of a mortgage transaction, the entrustment to it of escrow deposits that are still property belonging to the mortgagor but are placed with the mortgagee or mortgage servicer for the

purpose of being applied to the payment of real estate taxes is a classic example of funds held in trust for a specific purpose.

Without wishing to be unduly cynical, the mindset that is capable of treating that arrangement as anything other than fiduciary in nature may well represent the sort of thinking that has brought companies such as Ocwen into such disrepute (to say nothing of such financial difficulties) in recent years. So Complaint Count III survives Ocwen's motion to dismiss as well.

## **Conclusion**

Ocwen's Rule 12(b)(6) motion to dismiss Gogliotti's Complaint is denied as to Counts I and III but is granted (albeit with some misgivings) as to Count II. Ocwen is ordered to answer the surviving counts in the Complaint on or before May 1, 2014.

                                                    Milton I. Shadur  
                                                    Senior United States District Judge

Date: April 17, 2014