# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| **CYNTHIA GOGLIOTTI**, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 14 C 1027 |
| **OCWEN LOAN SERVICING, LLC**, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM ORDER

This Court's April 17, 2014 memorandum order ("Order") (1) denied the motion of Ocwen Loan Servicing, LLC ("Ocwen") to dismiss the Complaint in this action and (2) ordered Ocwen to answer surviving Counts I and III of the Complaint on or before May 1, 2014. On that due date Ocwen filed its Answer and Affirmative Defenses ("ADs"), and this further memorandum order is issued sua sponte to suggest that Ocwen and its counsel ought to remove some analytical blinders and take a fresh look at this action before the next scheduled status hearing date of July 8.

It should be said at the outset that this Court has no knowledge of, and it takes no position on, Ocwen's asserted difficulties elsewhere as alleged in Complaint ¶ 23 and denied in large part in Ocwen's answer to that allegation. Nothing said here is based on any assumption that Ocwen's conduct vis a vis plaintiff Cynthia Gogliotti ("Gogliotti") was "part of a pattern." Instead this memorandum order focuses only (1) on Gogliotti's allegations as to the circumstances that impacted her during and after Ocwen's tenure in servicing her mortgage and (2) on Ocwen's acknowledgement of a material part of those allegations.

In that respect Ocwen's counsel is urged to devote some further research and thought to what constitutes a fiduciary obligation under law, rather than simply indulging the euphemism that its duty to pay Gogliotti's real estate taxes with the funds that she entrusted to it for that purpose was only "a contractual obligation" (Answer ¶ 30), thus enabling Ocwen's counsel to deny flat-out any breach of fiduciary duty in Answer ¶ 31. Moreover, a fresh look clearly appears to be called for as to both ADs advanced on Ocwen's behalf:

1. As for AD 1, Ocwen's assertion of a claimed laches defense, the same course in Equity 101 (or whatever passes for that area of instruction in today's law schools) that teaches the law of fiduciary obligations also defines the laches defense as comprising two elements: not only a lack of diligence by the plaintiff but also prejudice to the defendant resulting from any delay. Nothing either said by Ocwen or reasonably inferred from its pleading even hints at its having been prejudiced by any delay ascribable to Gogliotti in bringing this lawsuit.[1]

2. AD 2 asserts that Ocwen's ultimate payment of the delinquent taxes and fees to the taxing authorities "has satisfied any deficiency alleged in Plaintiff's Complaint." That of course is unresponsive to Gogliotti's claim of damages (both tangible and intangible) that she sustained as a result of Ocwen's alleged errors. Again this Court expresses no ultimate view on that latter subject, but the AD as asserted is clearly insufficient.

---

[1] No inference should be drawn from the text's focus on the absence of prejudice to Ocwen that this Court has made any determination as to whether Gogliotti's conduct did or did not equate to an impermissible lack of diligence on her part. This memorandum order expresses no view either way on that subject.

Accordingly both AD 1 and AD 2 are stricken, although if Ocwen's counsel were to go back to the drawing board to try again from a different perspective this Court might be prepared to take a further look.

                                                  /s/ Milton I. Shadur
Date: May 2, 2014                          Senior United States District Judge